## LOUISA D. WEHLE v. JOHN G. HAVILAND et al.

### (Decided in January, 1872.)

Where property is taken out of the possession of the trespasser after the trespass, by virtue of valid legal process against the owner, and the property is applied under such process to the use of the owner, those facts may be shown in mitigation of damages in an action for the trespass.

Such facts must, however, be specially pleaded.

The opinion of an expert is only admissible or of any weight when the facts or particulars upon which it is predicated have been so distinctly proven that any other expert who heard the facts testified to, or to whom they were communicated, would be, in a like manner, enabled to make an estimate, or give an opinion. The general statement by a witness of his opinion or conclusion, unless the facts and particulars upon which it is founded appear to be within his knowledge, and the process by which his conclusion is arrived at is shown, is improper testimony to be admitted on a trial, and amounts, at most, to mere conjecture.

There is no contribution between joint wrong-doers.

In actions ex delicto, it is in the discretion of the jury to allow interest or not, but the plaintiff is not entitled to it as a matter of right.

APPEAL by defendants from a judgment entered on the verdict of a jury at trial term.

*C. Bainbridge Smith,* for appellants.

*Charles Wehle,* for respondent.

Opinion of the court* by J. F. DALY and ROBINSON, J. J. Judgment reversed.

Reported in full in 42 How. Pr. 399.

---

## JAMES S. CARPENTER AND ANOTHER v. THE CENTRAL PARK, NORTH AND EAST RIVER R. R. Co.

### (Decided in January, 1872.)

A corporation sued in the New York Marine Court, in an action over the subject-matter of which the court has jurisdiction, waives any objection to the jurisdiction of the person by appearing and contesting on the merits.

A question as to the usual method of constructing street railroads, prefaced by an inquiry whether the witness had observed the manner of construction, is not one calling for the special knowledge or skill of an expert.

On the question whether a street rail has been properly laid, an expert may give his opinion based upon previous testimony as to the condition of the rail at a particular time.

A street railroad is responsible for an accident which could not have occurred

---

* Present, ROBINSON and J. F. DALY and LOEW, JJ.

except for the improper laying of a rail, even though the municipal authorities were also negligent to the same extent in improperly paving the street.

*It seems*, that a street railroad, having power to take up and replace pavement on the line of its road, is responsible for an accident occurring through defective pavement on their track, even though the municipal authorities are bound to keep the pavement in repair.

APPEAL by defendants from a judgment of the general term of the Marine Court, affirming a judgment entered on the verdict of a jury.

*Brown, Hall & Vanderpoel*, for appellants.

*E. Bartlett*, for respondent.

Opinion of the court* by DALY, Ch. J.

Judgment affirmed.

Reported in full in 11 Abb. Pr. N. S. 416.

JOSIAH A. WALLER *v.* JOHN THOMAS *et al.*
(*Decided in February*, 1872.)

The complaint in an action for rent against the individual members of a club composed of more than seven persons, alleged that the defendants were members of and partners in said club at the time of the letting in question; that the lease was made to three of the members in pursuance of the authority and direction of said club, and for its use; that the members of said club subsequently ratified said lease, and entered into possession of and occupied said premises for a certain time, and had paid various sums on account of the rent thereof, leaving due a balance for which judgment was asked.

*Held*, on demurrer, 1. That the complaint contained facts sufficient to hold the defendants liable as assignees of the lease, and did not show any facts which made the club such an association as is intended by Laws of 1851, p. 838, c. 455, extending to them the provisions of Laws of 1849, p. 389, c. 258, in relation to joint stock companies, as amended by Laws of 1853, c. 153.

2. That even if the association came within the act of 1851, yet the suit might still be brought against the individual members of the club, since the act of 1853, compelling suits in the first instance to be brought against the president, &c., did not affect the act of 1851.

APPEAL by plaintiff from an order at special term sustaining a demurrer to the complaint.

*John J. Macklin*, for appellant.

*A. J. Requier*, for respondents.

Opinion of the court* by ROBINSON, J.

Order reversed.

Reported in full in 42 How. Pr. 337.

* Present, DALY, Ch. J., ROBINSON and J. F. DALY, JJ.